## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| SHELLY CORMIER,<br><br>Plaintiff,<br><br>-against-<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>Defendant. | Civil Case Number:<br><br><br>**CIVIL ACTION COMPLAINT** |

Plaintiff SHELLY CORMIER (hereinafter, "Plaintiff"), a Louisiana resident, brings this complaint by and through the undersigned attorneys, against Defendant RADIUS GLOBAL SOLUTIONS, LLC  (hereinafter "Defendant"), based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt

collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

3. The rights and obligations established by section 15 U.S.C. § 1692g were considered by the Senate at the time of passage of the FDCPA to be a "significant feature" of the Act. See *S. Rep. No. 382, 95th Cong., 1st Sess. 4, at 4, reprinted in 1977 U.S.C.C.A.N. 1695, 1696.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

6. Plaintiff brings this action seeking redress for Defendant's actions of using unfair or unconscionable means in connection with the collection of an alleged debt.

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Louisiana, Vermilion Parish, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal office located at 7531 Glenroy Road, Suite 250-A, Minneapolis, Minnesota 55439.

.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to September 30, 2021, an obligation was allegedly incurred to LABCORP.

15. The alleged LABCORP obligation arose out of a transaction in which insurance or services, which are the subject of the transaction, are primarily for personal or family purposes.

16. The alleged LABCORP obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. LABCORP is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. Defendant contends that the LABCORP debt is past due.

19. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

20. LABCORP directly or through an intermediary contracted the Defendant to collect the

alleged debt.

21. Sometime in October of 2021 Plaintiff received a collection letter from Defendant attempting to collect the alleged LABCORP debt.

22. On or about October 16, 2021, Plaintiff sent a certified letter to Defendant disputing the alleged debt.

23. In her October 16, 2021 letter, Plaintiff requested verification of the alleged debt; and she also requested that Defendant *only* communicate with her via U.S. mail.

24. Despite Plaintiff's written request for Defendant to communicate with her only by mail, Defendant began calling Plaintiff on or around October 25, 2021.

25. Upon information and belief, Defendant placed several calls to Plaintiff between October 25 and October 30 of 2021.

26. Pursuant to 15 U.S.C. §1692c of the FDCPA, without prior consent given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

27. The Defendant violated said section when it proceeded to call the Plaintiff despite having received a letter clearly requesting that Defendant not communicate with Plaintiff by any means other than through the mail.

28. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692c *et seq.***

29. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

30. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

31. The Defendant violated said section by:

    (a)    Communicating with a consumer in connection with the collection of a debt at any unusual time or place known to be inconvenient to the consumer in violation of § 1692a(1).

32. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692c *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

    (a)    Awarding Plaintiff statutory damages;

    (b)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

    (c)    Awarding pre-judgment interest and post-judgment interest; and

    (d)    Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: January 28, 2022

By:   <u>/s/Jonathan F. Raburn</u>
Jonathan F. Raburn, Esq.
McCarty & Raburn,
A Consumer Law Firm PLLC
2931 Ridge Road, Suite 101 #504
Rockwall, TX 75032
Phone: (225) 412-2777
Email: jonathan@geauxlaw.com

<u>/s/ Yitzchak Zelman</u>

Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Email: yzelman@marcuszelman.com
PRO HAC VICE MOTION TO BE FILED
*Attorneys for Plaintiff*
*Shelly Cormier*